13-152-cr
*United States v. Bruno*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand thirteen.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
      *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

                    *Appellee,*

                    -v.-                                No. 13-152-cr

JOSEPH L. BRUNO,

                    *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR APPELLEE:** | WILLIAM C. PERICAK (Elizabeth C. Coombe, Brenda K. Sannes, *on the brief*), Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | WILLIAM J. DREYER (Benjamin W. Hill, *on the brief*), Dreyer Boyajian LLP, Albany, NY. |

Appeal from the December 11, 2012 order of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 11, 2012 order of the District Court be **AFFIRMED**.

In December 2009, Defendant Joseph L. Bruno was convicted of two counts of honest services mail fraud for his failure to disclose conflicts of interest while serving as a New York State Senator. *See* 18 U.S.C. §§ 1341, 1346. During these proceedings, the jury also acquitted Bruno of five counts and failed to reach a verdict on one count of honest services fraud. Subsequently, the Supreme Court decided *Skilling v. United States*, 130 S. Ct. 2896 (2010), which held that the honest services fraud statute only criminalizes bribery and kickback schemes, not mere failures to disclose conflicts of interest. *Id.* at 2831-32. In light of *Skilling*, we vacated Bruno's convictions. *See United States v. Bruno*, 661 F.3d 733 (2d Cir. 2011). Following our vacatur, the government filed a "superseding indictment," charging Bruno with two counts of honest services mail fraud premised on the same facts as the two counts for which he was convicted, but this time under a bribery and kickback theory (also referred to as a "*quid pro quo* theory"). Bruno moved to dismiss the indictment on two separate double jeopardy grounds. The district court denied the motion, and Bruno filed this interlocutory appeal. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

This Court reviews the denial of a motion to dismiss an indictment on double jeopardy grounds *de novo*. *United States v. Basciano*, 599 F.3d 184, 196 (2d Cir. 2010). First, Bruno argues that the government is barred from retrying him on a *quid pro quo* theory because it abandoned that theory at his first trial. We are not persuaded. In support of this argument, Bruno relies on *Saylor v. Cornelius*, 845 F.2d 1401 (6th Cir. 1988), which held that the government was barred by the

2

constitutional prohibition on double jeopardy, U.S. Const., amend. V, from pursuing–in a subsequent prosecution–a theory of liability that it had "abandoned" at the first trial by failing to object when the trial judge did not instruct the jury on that theory.

Here, however, there was no "abandonment" to which *Saylor* could apply. By Bruno's own admission, the original Indictment never charged him under a *quid pro quo* theory that could later have been abandoned. *See* Appellant Br. at 18 ("[T]he government did not explicitly include [a *quid pro quo* theory] in its original Indictment . . . ."). Moreover, *Saylor* is an outlier and has not been adopted by this or any other circuit. In fact, quite to the contrary, it has been questioned by later panels of the Sixth Circuit, along with other circuits. *See United States v. Davis*, 873 F.2d 900, 905 (6th Cir. 1989) (declining to apply *Saylor* and questioning whether *Saylor* "was decided correctly"); *see also United States v. Witting*, 575 F.3d 1085, 1102-1103 (10th Cir. 1998) (concluding that *Saylor* is inconsistent with the Supreme Court precedent of *Richardson v. United States*, 468 U.S. 317, 325-26 (1984)). We thus conclude that the "abandonment" theory set out in *Saylor* does not bar Bruno's re-trial.

Next, Bruno argues that the counts on which he was acquitted reflect a finding by the jury that he "did not possess the requisite intent to devise a scheme to defraud," and, therefore that the government is collaterally estopped from charging him with such a scheme now. Appellant's Br. at 32. Collateral estoppel provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *United States v. U.S. Currency in the Amount of $119,984.00*, 304 F.3d 165, 172 (2d Cir. 2002) (internal quotation marks omitted), *see also Ashe v. Swenson*, 397 U.S. 436, 445 (1970). We see no merit to Bruno's argument because, unlike the cases on which he relies (where collateral estoppel barred retrial), Bruno was *convicted* of the offenses that are now the subject of the retrial. These

3

convictions are significant because they indicate that, notwithstanding the acquittals, the jury found that Bruno possessed the requisite intent to devise a scheme to defraud. *See* 18 U.S.C. § 1341 (including intent as an element of mail fraud). While Bruno argues that the now-vacated convictions should be considered a non-event and the jury's determinations on those counts should be ignored, there is no legal or factual support for this proposition. As we have previously held, "[w]hile an acquittal accompanied by a failure to reach a verdict may . . . give rise to collateral estoppel . . . , an acquittal accompanied by a conviction on the count sought to be retried does not have a similar preclusive effect; the conviction casts doubt on whatever factual findings might otherwise be inferred from the related acquittal." *United States v. Citron*, 853 F.2d 1055, 1059 (2d Cir. 1988) (internal citations omitted).

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court